# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JAMES E. HELBERG**                                                       **PLAINTIFF**

**V.**                      **NO. 1:19CV00012 BRW-JTR**

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**        **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, James E. Helberg ("Helberg"), applied for disability benefits on November 1, 2016, alleging disability beginning on May 13, 2009.[2] (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] Helberg subsequently amended his alleged onset date to November 1, 2016. (Tr. at 11).

application. (Tr. at 34). The Appeals Council denied Helberg's request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Helberg has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. **The Commissioner's Decision:**

The ALJ found that Helberg had not engaged in substantial gainful since his amended alleged onset date of November 1, 2016. (Tr. at 13). At Step Two, the ALJ found that Helberg has the following severe impairments: status post remote history of thoracic fractures and left shoulder injury; status post remote right ankle fracture with surgery; obesity; depressive disorder; anxiety disorder; and post-traumatic stress disorder. *Id.*

After finding that Helberg' impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Helberg had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) he can frequently reach overhead with the left (non-dominant) upper extremity; (2) the work must be unskilled, with simple, routine, and repetitive tasks, and supervision that is simple, direct, and concrete; and (3) he can maintain frequent contact with coworkers and supervisors and occasional contact with the general public. (Tr. at

18).

The ALJ found that, based on Helberg's RFC and Vocational Expert ("VE") testimony, Helberg was able to perform his past work as a production assembler. (Tr. at 32). The ALJ made an alternative finding at Step Five. *Id*. He relied on the testimony of a Vocational Expert ("VE") to find that, based on Helberg's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as an inspector/hand packager and a routing clerk. (Tr. at 33). Thus, the ALJ found that Helberg was not disabled. *Id*.

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly

3

> detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B. Helberg's Arguments on Appeal

Helberg contends that substantial evidence does not support the ALJ's decision to deny benefits. His only argument is that the RFC did not fully incorporate his limitations from a right foot injury or from obesity. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413,

418 (8th Cir. 1996).

On January 17, 2012, years before the relevant time-period for determination of benefits, Helberg slipped and shattered his right ankle. (Tr. at 578-582). He underwent surgery to repair the damage. *Id*. He did not seek more aggressive treatment, such as physical therapy or pain management, for his ankle problem. (Tr. at 109). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). No doctor placed any restrictions on him related to his ankle. (Tr. at 103).

Dr. Kwan Park, M.D., examined Helberg on February 11, 2017. (Tr. at 728-731). With respect to the right ankle, Dr. Park found full range of motion and motor strength with well healed surgical incisions. (Tr. at 729). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Dr. Park noticed some diminished sensation in the foot. (Tr. at 729). Dr. Park found no limitations in physical work activity, and he said that Helberg retained the ability to sit, walk, stand, lift, and carry for a whole workday. *Id*. The ALJ gave Dr. Park's opinion great weight. (Tr. at 30).

One state-agency reviewing physician concluded that Helberg had no physical impairments, and one found Helberg capable of medium work. (Tr. at 147, 168). The ALJ gave those opinions some weight, because he felt Helberg was more

5

compromised physically than the doctors had opined. (Tr. at 31). Clearly, he gave Helberg's subjective complaints of pain and his testimony that he could not work at least some credit.

While doctor's notes showed, in June 2015 (before the relevant time-period), that Helberg walked with an antalgic gait and could not heel/toe walk because of his ankle, Helberg admitted that he could feed his dog, fix meals, do dishes, and shop in stores. (Tr. at 17, 30, 350). Also, by the time he saw Dr. Park, Helberg had a normal gait, he could walk without an assistive device, he could tandem walk without problems, and he could bend and squat without difficulty. (Tr. at 729). Helberg has not shown that his ankle problem is disabling. In that respect, the RFC for light work was appropriate.

Helberg weighed over 300 pounds and had a BMI ranging between 43 and 48. (Tr. at 24, 649, 709, 714, 717, 799, 801-804). Several of his doctors instructed him to exercise and lose weight. (Tr. at 88, 99, 714). He told the ALJ at the hearing that he could not afford to exercise, and the record does not show Helberg followed his doctors' advice (he weighed 350 pounds at the time of the hearing). (Tr. at 99, 112). Additionally, Helberg worked in spite of his obesity. (Tr. at 28-29). He was laid off for reasons other than obesity. (Tr. at 29, 308). *See Weber v. Barnhart*, 38 F.3d 723, 724 (8th Cir. 2003)(discrediting a claimant's allegation of disabling impairments

6

when evidence showed she stopped working for reasons other than her impairment). The ALJ did not find that obesity disturbed Helberg's musculoskeletal, respiratory, or cardiac systems. (Tr. at 26). Furthermore, the medical experts opined that Helberg was able to perform physically in spite of his weight. The ALJ discussed Helberg's obesity and the effect it had on him in combination with his other impairments, as required by the regulations. (Tr. at 26-27). The ALJ did not err in his RFC determination.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Helberg was not disabled. The RFC properly incorporated Helberg's limitations arising from an ankle injury and obesity.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 24th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE